# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERDIGITAL, INC., a Pennsylvania corporation, INTERDIGITAL TECHNOLOGY CORPORATION, a Delaware corporation; IPR LICENSING, INC., a Delaware corporation; and INTERDIGITAL PATENT HOLDING, INC., a Delaware corporation, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 15-478-LPS |
| WISTRON CORPORATION, a Taiwanese corporation, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

For the reasons stated below, Plaintiffs, InterDigital, Inc., InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital Patent Holding, Inc.'s ("Plaintiffs") Emergency Motion to Remand this matter to the Court of Chancery of the State of Delaware (D.I. 5) is hereby GRANTED.

1. On June 5, 2015, Plaintiffs filed a verified complaint in the Court of Chancery of the State of Delaware ("the Chancery action") against Wistron Corporation ("Defendant"). (*Id.* at 1) In the Chancery action, Plaintiffs seek a temporary restraining order, preliminary injunction, and permanent injunction to prevent Defendant from advancing suit filed in the Intellectual Property Court of Taiwan. (*Id.*) On June 11, 2015, Defendant filed a Notice of Removal, which brought the Chancery action to this Court. (D.I. 1)

2. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to a federal court in which the action could have been filed originally; that is, where the

1

federal court has subject matter jurisdiction over the action. *See also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *see also Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). Removal provisions "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal citations omitted).

3. Plaintiffs and Defendant are parties to a Patent Licensing Agreement ("PLA"), and their dispute over whether this Court should remand arises from the PLA's forum selection clause contained in Section 6.10. (D.I. 5 at 4; D.I. 8 at 5) The forum selection clause recites:

> 6.10 Governing Law/Venue. The validity and interpretation of this Agreement shall be governed by Delaware law, without regard to conflict of laws principles. The Parties irrevocably consent to exclusive jurisdiction and venue of the state and federal courts in the State of Delaware (i) to the extent a dispute arising under this Agreement cannot be properly brought before an Arbitration Panel (e.g., a request for a TRO or a judgment upon an arbitral award(s), which the parties agree may be entered by such court), and (ii) such dispute can be properly brought before the state or federal courts in the state of Delaware.

(D.I. 2; D.I. 5 at 4; D.I. 8 at 5) Fundamentally, the Emergency Motion to Remand turns on whether the PLA's provision – whereby the parties "***irrevocably consent to exclusive jurisdiction and venue of the state and federal courts in the State of Delaware***" – constitutes a waiver of the right to remove to federal court if a party files suit in a Delaware state court.

4. The Court agrees with Plaintiff that this language at least arguably constitutes a contractual waiver of the parties' right to remove should the other party to the PLA choose to file in Delaware state court. *See generally Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1217 (3d Cir. 1991) ("[B]y consenting to 'submit' to 'any court' of competent jurisdiction . . . and to

2

comply with all requirements necessary to give 'such court' jurisdiction, [Defendant] agreed to go to, and stay in, the forum chosen by [Plaintiff]."); *Carlyle Inv. Management, L.L.C. v. Carlyle Capital Corp. Ltd.*, 800 F. Supp. 2d 639, 644 (D. Del., 2011) ("[The] burden is a high one when seeking to avoid a forum selection clause."). In the context of a dispute over removal, where the Court must resolve all doubts in favor of remand, the Court is unpersuaded by Defendant's contention that the absence of the word "waiver" from Section 6.10 is decisive. *See Boyer*, 913 F.2d at 111. To the contrary, it would seem odd for parties who "irrevocably consent" to sue one another (if at all) in Delaware federal *or* state court to also agree that they can challenge (by way of removal) each others' decision to file in Delaware state court. At minimum, there is no affirmative indication in the PLA that this is what the parties intended.

5. Much of Defendant's opposition to Plaintiffs' request for removal consists of premature contentions about the merits of the parties' underlying disputes and allusions to notions of "international comity." (*See, e.g.*, D.I. 8 at 2-3) Defendant cites no authority for the proposition that these considerations should be accorded any weight in the analysis of a removal motion. Moreover, even assuming (without deciding) that Plaintiffs are exaggerating the prejudice they are suffering from Defendant's removal of the Chancery action and from Defendant's initiation of litigation in Taiwan, the Court perceives no reason to exercise whatever discretion it has to keep this matter here rather than remand.[1]

---

[1] Defendant appears to concede that the issue before the Court is one committed to the Court's discretion. (*See* D.I. 8 at 4)

3

6. The Court will deny Plaintiffs' requests for fees and costs. Here, "remand is a particularly appropriate and effective remedy for [any possible] wrong." *Foster*, 933 F.2d at 1216.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE